Defendant-appellant Floyd J. Hull appeals from the trial court's determination that he is a sexual predator pursuant to R.C. 2950.09(C). Defendant contends the trial court erred in its finding because defendant had been released from prison prior to the determination; he received ineffective assistance of counsel during the hearing; the hearing was in violation of his due process and constitutional rights; and the evidence was insufficient to support the finding. We agree that the evidence does not support the finding and reverse the sexual predator determination.
Defendant was indicted on May 10, 1985 on three counts charging him with rape, kidnapping and felonious assault. His first trial on these charges ended in a mistrial after the jury was unable to reach a verdict. A second jury trial, however, resulted in defendant being found guilty on all three counts in January 1986. Defendant was sentenced to ten to twenty-five years imprisonment.
After serving approximately ten years in prison, defendant was released on parole in December 1995. On February 7, 1997, defendant was arrested for violating his parole and was returned to prison on the rape/kidnapping sentence. Prior to his most recent release, the State filed a motion on April 6, 1999 seeking to have defendant declared a sexual predator. A hearing on the motion was held on May 3, 1999. Upon receiving the evidence and the arguments of counsel, the trial court granted the motion and found defendant to be a sexual predator.
This timely appeal ensued.
We will address Assignment of Error No. III first as we find it is dispositive of this appeal.
 III. THE EVIDENCE IS INSUFFICIENT AS A MATTER OF LAW TO PROVE BY CLEAR AND CONVINCING EVIDENCE APPELLANT IS LIKELY TO ENGAGE IN THE FUTURE IN ONE OR MORE SEXUALLY ORIENTED OFFENSES.
Defendant asserts that the evidence offered at his sexual predator hearing was insufficient to warrant a finding that he was a sexual predator. We agree. R.C. 2950.01(E) defines a sexual predator as a person who has been convicted of or pleaded guilty to committing a sexually oriented offense and is likely to engage in the future in one or more sexually oriented offenses.
In making a sexual predator determination, the trial court must consider all relevant factors, including, but not limited to the factors listed in R.C. 2950.09(B)(2):
(a) The offender's age;
 (b) The offender's prior criminal record regarding all offenses, including, but not limited to, all sexual offenses;
 (c) The age of the victim of the sexually oriented offense for which sentence is to be imposed;
 (d) Whether the sexually oriented offense for which sentence is to be imposed involved multiple victims;
 (e) Whether the offender used drugs or alcohol to impair the victim of the sexually oriented offense or to prevent the victim from resisting;
 (f) If the offender previously has been convicted of or pleaded guilty to any criminal offense, whether the offender completed any sentence imposed for the prior offense and, if the prior offense was a sex offense or a sexually oriented offense, whether the offender participated in available programs for sexual offenders;
 (g) Any mental illness or mental disability of the offender;
 (h) The nature of the offender's sexual conduct, sexual contact, or interaction in a sexual context with the victim of the sexually oriented offense and whether the sexual conduct, sexual contact, or interaction in a sexual context was part of a demonstrated pattern of abuse;
 (i) Whether the offender, during the commission of the sexually oriented offense for which sentence is to be imposed, displayed cruelty or made one or more threats of cruelty;
 (j) Any additional behavioral characteristics that contribute to the offender's conduct.
R.C. 2950.09(B)(2) does not require that the trial court list or satisfy each of these factors in order to make a sexual predator determination. It simply requires that the trial court consider all factors which are relevant to its determination. State v. Cook (1998), 83 Ohio St.3d 404, 426; State v. Ivery (Feb. 18, 1999), Cuyahoga App. No. 72911, unreported, citing State v. Tracy (May 20, 1998), Summit App. No. 18623, unreported.
R.C. 2950.09(B)(3) further states:
 After reviewing all testimony and evidence presented at the hearing conducted under division (B)(1) of this section and the factors specified in division (B)(2) of this section, the judge shall determine by clear and convincing evidence whether the offender is a sexual predator. * * * If the judge determines by clear and convincing evidence that the offender is a sexual predator, the judge shall specify in the offender's sentence and the judgment of conviction that contains the sentence that the judge has determined that the offender is a sexual predator and shall specify that the determination was pursuant to division (B) of this section. * * * Clear and convincing evidence is that evidence which will provide in the mind of the trier of facts a firm belief or conviction as to the facts sought to be established.
Cincinnati Bar Assoc. v. Massengale (1991), 58 Ohio St.3d 121, 122, quoting Cross v. Ledford (1954), 161 Ohio St. 469, paragraph three of the syllabus. While clear and convincing evidence is more than a mere `preponderance of the evidence,' it does not rise to the level of evidence beyond a reasonable doubt. Id.
In the instant case, we find that there was insufficient evidence presented at defendant's hearing to support the trial court's determination that he is a sexual predator. The transcript of the hearing reflects that the trial court discussed the factors listed in R.C. 2950.09(B)(2) including: defendant's age of 43 years; defendant's prior criminal offenses of receiving stolen property and theft, none sexual in nature; the victim's age was not considered to be a factor; no multiple victims; no drugs or alcohol was used; defendant participated in sexual offender programs while incarcerated; defendant did not suffer from any mental illness or disability; defendant's use of force and threats; and defendant's pattern of conduct indicating that he was stalking and harassing women on campus.
In State v. Ward (Jan. 28, 1999), Cuyahoga App. No. 72371, unreported, the trial court adjudicated Mr. Ward to be a sexual predator based solely on his underlying felonious sexual penetration conviction. The only evidence presented during his sexual predator hearing was a certified copy of his conviction. On appeal, this Court held that the underlying conviction alone was insufficient to support a sexual predator determination. Ward, supra, citing State v. Wilson (Sept. 11, 1998), Hamilton App. No. C-970880, unreported.
Even though there may be cases when the circumstances of the underlying sexually oriented offense may tend to suggest that the offender is likely to commit such offenses in the future, this is not one of those cases. The only evidence demonstrating defendant's likelihood of re-offending consists solely of his underlying conviction for rape in 1986 and his use of force. This evidence merely establishes that defendant committed a sexually oriented offense. It does not show clear and convincingly that defendant is more likely than not predisposed to commit another sexually oriented offense. As this Court stated in Ward:
 [S]imply committed a single sexually oriented offense is not proof, without further evidence or other compelling facts, that the offender is likely to engage in the future in one or more sexually oriented offenses. Had the legislature intended [that result], it would have done away with the hearing and weighing of evidence and simply classified any person committing a sexually oriented offense as a sexual predator.
Considering this lack of evidence, the State failed to prove by clear and convincing evidence that defendant is likely to engage in the future in one or more sexually oriented offenses. Standing alone, defendant's rape conviction is insufficient to support his sexual predator determination. See Ward, supra; State v. Patterson (Feb. 11, 1999), Cuyahoga App. No. 72448, unreported; State v. Johnson (Sept. 30, 1999), Cuyahoga App. No. 74841, unreported; State v. Gregory (September 30, 1999), Cuyahoga App. No. 74859, unreported.
Assignment of Error III is sustained.
 I. THE COURT ERRONEOUSLY OVERRULED APPELLANT'S MOTION TO DISMISS PROCEEDINGS PURSUANT TO R.C. 2950.09(C) ON THE BASIS HE HAD BEEN RELEASED FROM PRISON.
 II. APPELLANT RECEIVED INEFFECTIVE ASSISTANCE OF COUNSEL DUE TO THE FACT COUNSEL HAD KNOWLEDGE BUT FAILED TO PRESENT EXPERT WITNESSES AND DOCUMENTATION THAT WOULD HAVE REBUTTED THE STATE'S ASSERTION THAT THE APPELLANT WOULD LIKELY TO RE-OFFEND.
 IV. THE SEXUALLY PREDATOR HEARING IN THIS CASE AT BAR VIOLATED APPELLANT'S DUE PROCESS RIGHTS, GUARANTEED BY THE UNITED STATES AND OHIO CONSTITUTION, WHEN THE HEARING FAILED TO COMPORT WITH THE MANDATES OF H.B. 180 WHICH INCLUDE WITNESS, EVIDENCE, AND THE RIGHT TO CROSS-EXAMINE THE EVIDENCE AGAINST THE APPELLANT.
 V. THE LOWER COURT ERRED IN APPLYING H.B. 180 TO THIS DEFENDANT-APPELLANT AS IN THIS INSTANCE H.B. 180 VIOLATES SERVAL OF THE DEFENDANT-APPELLANT'S CONSTITUTIONAL RIGHTS.
Given our disposition of Assignment of Error III, we do not find it necessary to address Assignments of Error I, II, IV, and V which are moot. App.R. 12(A)(1)(c).
The trial court's sexual predator determination is reversed and vacated.
It is ordered that appellant recover of appellee his costs herein taxed.
The Court finds there were reasonable grounds for this appeal.
It is ordered that a special mandate issue out of this Court directing the Court of Common Pleas to carry this judgment into execution.
A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure.
DYKE, A.J., and ANNE L. KILBANE, J., CONCUR.
 _________________________ JAMES M. PORTER, JUDGE